Seawell, J.
delivered the opinion of the Court.
It is an essential foundation to support a writ of errof, that there be a judgment, of something which is to be considered as such. None of the errors assigned in this case, ii they are all to be viewed as errors in law, apply to the rendition of the judgment: they merely apply to the process in the nature of execution to enforce the judgment, which, if irreguiar, must be set aside in a different way ; as by motion, supersedeas, or the like. The order of the County Court after a return by the constable of a levy on the lands, cannot in any wise be regarded as such—it may possibly be considered as having some effect upon their liability to answer the demand, and in that respect,, have the qúality of a judgment.: but it is not that act of the Court which determines the Plaintiff’s right to the thing demanded ; that was previously ascertained by the judgment pi the justice. There was no examination of the Piaiutiff’s demand, nor day given to the Defendant to make defence :—It was simply an application to the Cqurt to award execution of sale against the lands of the Defendant previously levied on, and the process then issued, if informal or irregular, must be set aside, as any other execution ; if void, it was of no forcé or effect, and consequently displaced no right of the present Plaintiffs in error. The judgment hotvever cannot in any event be effected by a writ of error, for it was rendered by a Court,not of *244 Record, and consequently, must stand unreverspd by this ’ Court,* (■

Ruffin, Being concerned while at the bar, as counsel, gave no opinion, '